Downey, Judge,
delivered the opinion of the court:
Acting under authority of the President’s Executive order of July 11, 1917, delegating to him the powers defined in the act of June 15, 1917, 40 Stat. 182, the United States Shipping Board, on October 12, 1917, issued its general requisition order covering all American cargo and tank ships of 2,500 dead-weight tons or more, said order to become effective October 15, 1917.
The plaintiff was then the owner of a vessel known as the Socony which was of the dead-weight tonnage of 5,075 tons and therefore within the class of vessels described in said requisition order. This vessel was taken over by the Shipping Board and under the direction of that board made three trans-Atlantic voyages, upon the first two of which it carried cargoes of gasoline for the French High Commission and for which it collected from that source freights to the amount of $309,957.04, and on the third of which voyage.s it carried a cargo of gasoline for the United States Expeditionary Forces in France, for which it received *960 no compensation. It paid all the expense of operation and some other expenses which are set out in detail in the findings. The plaintiff entered into a requisition agreement and charter covering the use of the Socony, which are attached to the petition as Exhibits A and B, although they were not finally executed and delivered to the plaintiff until after the completion of the voyages here in question.
The action is to recover compensation for the use of said vessel, since the plaintiff had refused to accept therefor the rate which had been fixed by the Shipping Board, and became entitled under a provision of its requisition agreement to sue for just compensation. This applied to the entire period of the use of this vessel except a short period referred to in Finding VIII during which the Shipping-Board chartered to the plaintiff a steamer called the Topila for temporary use in its coastwise business and in consideration of which the plaintiff agreed for a corresponding period, based on the relative tonnage of these vessels, to accept the Shipping Board rate of $4.15 per dead-weight ton.
The plaintiff’s contention is that just compensation for the use of this vessel should be measured by the earning's of the vessel on the two voyages on which it carried cargoes for the French High Commission and for which it received the freights, and in addition thereto compensation for the third voyage on the same basis, and that since compensation upon this basis is in excess of the amount of freights collected by it, it becomes entitled to a judgment. On the other hand the defendant contends that plaintiff should be compensated at the Shipping Board rate of $4.15 per dead-weight ton per month and that it should be required to account for the freights collected by it as recited above, and that upon the balancing of the accounts on this basis the United States is entitled to a judgment as against the plaintiff.
It is not regarded as necessary to review the facts with reference to the use of this vessel, which are set forth in detail in the findings, neither is it regarded as necessary to discuss at length the basis of our conclusion. We have *961 determined and stated in the findings the rate of just compensation to the plaintiff for the use of its vessel during the period it was held by the United States, and other cases of a similar nature which have been before the court seem to obviate the necessity of detailed discussion here, which would to a considerable extent involve but repetition. See Gulf Refining Company, 58 C. Cls. 559.
The state of the account as between the plaintiff and the defendant is set out by items in Finding XY and upon that basis we have concluded that the defendant, upon its counterclaim, is entitled to recover of the plaintiff the sum of $29,326.79, being the excess of the freights collected by it over and above the various items of credit, including the award for the use of the vessel, to which we have found the plaintiff entitled.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.